IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSICO BUCHANAN, | ) | 4:13CV3172 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 25, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.     **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on September 25, 2013, against five individuals: Corporal Hurt ("Hurt"), Officer Kline ("Kline"), Sargent Steinbeck ("Steinbeck"), Dennis Bakewell ("Bakewell"), and Robert Houston ("Houston"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues Defendants in both their individual and official capacities. (*Id*.) Plaintiff is currently incarcerated at Lincoln Correctional Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges on September 13, 2013, while he was incarcerated at the Diagnostic and Evaluation Center, he informed officer Dixon that another inmate named "Harris" had threatened him. (Filing No. 1 at CM/ECF p. 2.) The next morning, Plaintiff informed Hurt that Harris had threatened to "kill" Plaintiff. (*Id*. at CM/ECF pp. 2-3.) Later that day, Harris removed his shoelaces and Plaintiff followed up with Hurt about the threat, letting him know that Harris had removed his shoelaces. (*Id*. at CM/ECF pp. 2-3, 5.) Eventually, Harris used the

shoelaces to assault and choke Plaintiff. (*Id*.) During the assault, Harris bit Plaintiff and Plaintiff "severely" injured his back. (*Id*.)

After the assault, Plaintiff was placed in segregation and requested medical attention for his injuries on three separate occasions. (*Id*. at CM/ECF pp. 4, 7.) However, Plaintiff's requests were ignored. (*Id*.) Plaintiff also states that Defendants were aware that Harris had a history of assaulting other inmates and failed to take reasonable measures to protect him. (*Id*. at CM/ECF pp. 4-5.) Plaintiff seeks monetary damages and any other relief that the court deems just and fair. (*Id*. at CM/ECF pp. 8-9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. *Official Capacity Claims for Monetary Damages*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues several individual state employees in both their individual and official capacities. (Filing No. 1 at CM/ECF p. 1.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against Defendants in their official capacities are barred by the Eleventh Amendment.

#### B. *Denial of Medical Treatment*

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment medical claim against Defendants. A prisoner-plaintiff seeking relief for

claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-04).

For the purposes of this Memorandum and Order, the court assumes, without deciding, that Plaintiff's need for medication was a serious medical need. Although Plaintiff requested medical attention for his injuries on three separate occasions, his requests were ignored. (Filing No. 1 at CM/ECF pp. 4, 7.) Liberally construed, these allegations are sufficient to "nudge" his Eighth Amendment medical claims against Defendants across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. Conditions of Confinement

In addition to his Eighth Amendment medical claim, the court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim against Defendants for refusing to take action to prevent the assault. (Filing No. 1.) "The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner,* 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer*

*v. Brennan*, 511 U.S. 825, 847 (1994)). However, a prisoner asserting a violation of his Eighth Amendment rights must show that a defendant acted with "deliberate indifference." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). This deliberate indifference standard has both "an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

Plaintiff alleges he informed Dixon and Hurt that Harris had threatened him. (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff also followed up with Hurt about the threat when Harris had removed his shoelaces. (*Id*. at CM/ECF pp. 2-3, 5.) Plaintiff states Defendants were aware that Harris had a history of assaulting other inmates and failed to take reasonable measures to protect him. (*Id*. at CM/ECF pp. 4-5.) Liberally construed, these allegations are sufficient to nudge Plaintiff's Eighth Amendment conditions of confinement claim across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### D. State Law Claims

Plaintiff may also have claims for violations of state law against Defendants. Because the court is allowing Plaintiff's Eighth Amendment claims to proceed, it will also permit Plaintiff's state law claims to proceed.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

5

Also pending is Plaintiff's Request for Appointment of Counsel. (Filing No. 5.) However, in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's Request for Appointment of Counsel is therefore denied.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Request for Appointment of Counsel (filing no. 5) is denied.

2.      Plaintiff's monetary damages claims against Defendants in their official capacities are dismissed with prejudice.

3.      Plaintiff's Eighth Amendment and state law claims against Defendants may proceed.

4.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SIX (6) summons forms and SIX (6) USM-285 forms (for service on Defendants in both their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ.

P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**August 12, 2014**: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 15th day of April, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.