IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSICO BUCHANAN, | ) | 4:13CV3172 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss (Filing No. 23). Defendants seek dismissal of this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Also pending is Plaintiff Jessico Buchanan's unopposed request for leave to serve Defendants in their individual capacities (Filing No. 27).

## I. BACKGROUND

Buchanan is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He filed his Complaint (Filing No. 1) in this matter on September 25, 2013, against five individuals: Corporal Hurt, Officer Kline, Sargent Steinbeck, Dennis Bakewell, and Robert Houston. Buchanan alleged Eighth Amendment medical and conditions-of-confinement claims against Defendants in their individual and official capacities. He sought only monetary relief from Defendants.[1]

The court conducted an initial review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2). (*See* Filing No. 13.) The court determined Buchanan's monetary-damages claims against Defendants in their official capacities were barred

---

[1] For a detailed summary of Buchanan's allegations, see the court's order on initial review (Filing No. 13) dated April 15, 2014.

by the Eleventh Amendment's grant of sovereign immunity to the states. (Filing No. 13 at CM/ECF p. 13.) The court determined Buchanan's Eighth Amendment claims against Defendants in their individual capacities could proceed to service of process. (Filing No. 13 at CM/ECF pp. 3-8.) Thereafter, Buchanan completed and returned the summons forms provided to him by the clerk's office. (*See* Filing No. 14.) The content of those summons forms and their delivery is at issue here.

## II.  STANDARD OF REVIEW

Defendants have moved for dismissal of this action pursuant to Rule 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.  DISCUSSION

Defendants argue the court should dismiss this action because Defendants were only served in their official capacities and Buchanan only seeks monetary relief from them. Thus, their argument goes, Buchanan's Complaint fails to state a claim upon which relief can be granted because his claims are barred by the Eleventh Amendment. *See*, *e.g.*, Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court. . . . The Eleventh Amendment also bars a suit against state officials when the state is the real party in interest."). As discussed in the paragraphs that follow, the court will deny Defendants' motion to dismiss because (1) Buchanan's Complaint plainly sets forth his intent to sue Defendants in their individual capacities, and (2) Buchanan made reasonable efforts to serve Defendants in their individual capacities.

2

Defendants argue Buchanan's official-capacity claims for monetary relief are barred by the Eleventh Amendment. The court already resolved this question and declines to revisit it here. (*See* Filing No. 13 at CM/ECF pp. 3, 6 (dismissing Buchanan's claims for monetary damages against Defendants in their official capacities because they are barred by the Eleventh Amendment).)

Because Buchanan also asserted individual-capacity claims against Defendants—and the court allowed those claims to proceed to service of process (*see* Filing No. 13)—the issue here is whether Defendants have been properly served in their individual capacities. Defendants argue they were only served in their official capacities because they were served "via the Office of the [Nebraska] Attorney General." (Filing No. 24 at CM/ECF p. 1.)

Buchanan, who is proceeding in forma pauperis in this matter, is entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). So long as the plaintiff has provided the necessary information, the Marshals Service's failure to effect service is automatically good cause within the meaning of Rule 4(m) of the Federal Rules of Civil Procedure for failing to serve process. *Moore*, 123 F.3d at 1085-86; *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007).

Here, Buchanan completed the summons forms by providing Defendants' names and also the addresses where they could be personally served with process. The Marshals Service delivered the summons forms to the Nebraska Attorney General's Office, where they were accepted by a receptionist in that office. (*See*, *e.g.*, Filing No. 15 at CM/ECF p. 2.) Thus, through no apparent fault of Buchanan's,

Defendants were "served" at the reception desk of the Nebraska Attorney General's Office.

The court finds this attempt at service was insufficient where no attempt was made by the Marshals Service to personally deliver copies of the summonses to Defendants at the addresses provided by Buchanan. *See Lindsey v. United States R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) ("[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal[]s Service to properly effect service of process, where such failure is through no fault of the litigant."). Accordingly, the court will direct the clerk's office to prepare and issue summons forms and USM-285 forms using the information provided by Buchanan (*see* Filing No. 14), and forward the forms to the Marshals Service for service of process.[2]

## IV. MOTION TO APPOINT COUNSEL

Buchanan seeks the appointment of counsel. (Filing No. 29.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such

---

[2]The court cautions Buchanan that it is *his* responsibility to properly identify Defendants and where they can be served. *See Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez*, 489 F. Supp. 2d at 184. If Defendants cannot be effectively served with process at the addresses Buchanan has provided, the failure will be imputed to him, and his claims may still face dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Thus, to the extent Buchanan now wishes to have Defendants served at addresses other than those provided on his original summons forms, he must so notify the court as soon as possible.

4

benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Buchanan shall have until January 2, 2015, in which to properly effect service upon Defendants.

2. The clerk's office is directed to complete summons forms and USM-285 forms using the information provided by Buchanan (*see* Filing No. 14), and forward them, the Complaint, and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants. The Marshals Service shall serve the summonses and copies of the Complaint without payment of costs or fees.

3. Defendants' Motion to Dismiss (Filing No. 23) is denied without prejudice to reassertion of their right to assert a defense pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure should Buchanan fail to properly effect service on Defendants in their individual capacities on or before January 2, 2015.

4. Buchanan's "Motion for Leave to Serve Named Defendants Individually Via Amended Summons of Service" (Filing No. 27) is granted to the extent the relief Buchanan seeks is consistent with the relief provided in this Memorandum and Order.

5. The clerk's office shall set a pro se case management deadline using the following text: January 2, 2015: check completion of service.

6. Buchanan's Motion to Appoint Counsel (Filing No. 29) is denied without prejudice to reassertion.

DATED this 17th day of November, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.