IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICO BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> HURT, Corporal, All defendants sued ) <br> in their individual and official capacity, ) <br> KLINE, Officer, All defendants sued in ) <br> their individual and official capacity, ) <br> STEINBECK, Sgt., All defendants ) <br> sued in their individual and official ) <br> capacity, DENNIS BAKEWELL, All ) <br> defendants sued in their individual and ) <br> official capacity, and ROBERT ) <br> HOUSTON, All defendants sued in ) <br> their individual and official capacity, ) <br> ) <br> Defendants. ) <br> ) | 4:13CV3172 <br><br> **MEMORANDUM** <br> **AND ORDER** |

     This matter is before the court on the Motion to Dismiss brought by Defendants Corporal Hurt ("Hurt") and Officer Kline ("Kline"). (Filing No. 69.) For the reasons explained below, the motion will be granted, in part.

### I. SUMMARY OF COMPLAINT

     Plaintiff, who is currently incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska, filed this action on September 25, 2013, alleging claims against Hurt, Kline, Steinbeck, Bakewell, and Houston in both their individual and official capacities. (Filing No. 1.)

     Plaintiff's Complaint alleges that on September 13, 2013, while he was incarcerated at the Diagnostic and Evaluation Center, he informed officer "Dixon"

that another inmate named "Harris" had threatened him. The next morning, Plaintiff informed Hurt that Harris had threatened to kill Plaintiff and that Harris had removed his shoelaces. Later that day, Harris used the shoelaces to assault and choke Plaintiff. During the assault, Harris bit Plaintiff, injuring Plaintiff's back, and Hurt sprayed Plaintiff with mace. After the assault, Plaintiff was placed in segregation and requested medical attention for his injuries on three separate occasions. However, Plaintiff's requests were ignored.

Plaintiff alleges that Dixon had made arrangements for Plaintiff to be moved into another cell prior to Harris's attack, but that Steinbeck prevented the move. Plaintiff claims that Steinbeck and Hurt knew that Harris posed a threat to Plaintiff's safety, but failed to take measures to protect him.

Plaintiff further alleges that Hurt and Kline falsified their incident reports regarding Harris's assault. Plaintiff maintains that Hurt and Kline have an established practice of treating black inmates differently than white inmates.

## II. PROCEDURAL BACKGROUND

On April 15, 2014, the court conducted an initial review of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2). (*See* Filing No. 13.) The court determined that Plaintiff's monetary-damages claims against Defendants in their official capacities were barred by the Eleventh Amendment's grant of sovereign immunity to the states. (Filing No. 13 at CM/ECF p. 13.) The court found that Plaintiff's Eighth Amendment failure-to-protect and deliberate indifference claims against Defendants in their individual capacities could proceed to service of process.

On February 23, 2015, Defendants filed a motion to dismiss (Filing No. 39), arguing that Plaintiff's state-law claims were barred because Plaintiff did not allege that he pursued administrative relief by filing a claim with the State Tort Claims Board as required by Nebraska state law. On July 20, 2015, the court granted

Defendants' motion, in part, and dismissed Plaintiff's state law claims without prejudice. (Filing No. 46.)

Defendants Steinbeck, Bakewell, and Houston filed another motion to dismiss on October 6, 2015. (Filing No. 56.) The court granted the motion, in part, and dismissed Plaintiff's claims against Steinbeck alleging deliberate indifference to medical needs and equal protection violations. (Filing No. 62.) The court also dismissed Bakewell and Houston from the action. However, the court found that Plaintiff had managed to state a plausible failure-to-protect claim against Steinbeck.

### III.  DISCUSSION

The only remaining claims in this action are Plaintiff's Eighth Amendment claim for failure-to-protect against Steinbeck in his individual capacity, and Plaintiff's Eighth Amendment individual capacity claims against Hurt and Kline. Because the court already determined that the failure-to-protect claim can proceed against Steinbeck, this order only addresses Plaintiff's Eighth Amendment claims against Hurt and Kline.[1]

    1.    **Motion to Dismiss Defendants Hurt and Kline**

Defendants Hurt and Kline have moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when a plaintiff pleads facts that allow the court "to draw

---

[1] Plaintiff also alludes to an equal protection violation. To the extent Plaintiff is attempting to assert an equal protection claim against Kline and Hurt, the claim is dismissed. Plaintiff's conclusory allegations are insufficient to state such a claim.

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints "must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff asserts an Eighth Amendment claim based on the prison officials' alleged failure to protect him from harm. Plaintiff also alleges that Defendants were deliberately indifferent to his need for medical treatment in violation of his Eighth Amendment rights.

To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Plaintiff has failed to state cognizable deliberate indifference to medical needs claims against Kline and Hurt. Plaintiff does not allege that Kline or Hurt were aware that Plaintiff had a serious medical need that necessitated treatment. Moreover, Plaintiff does not allege that Kline or Hurt personally participated in or were responsible for Plaintiff's alleged lack of medical treatment. Therefore, these claims against Kline and Hurt will be dismissed.

Plaintiff's failure-to-protect claim against Kline will also be dismissed. In order to succeed on an Eighth Amendment failure-to-protect claim, a plaintiff must show:

4

(1) he is incarcerated under conditions posing a substantial risk of serious harm and (2) the official knew of and disregarded an excessive risk to the inmate's health or safety. *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998). Plaintiff only alleges that Kline wrote a false incident report and that Kline owed Plaintiff a duty to truthfully report the events of the attack. (Filing No. 1 at CM/ECF p. 6.) These allegations do not suggest that Kline disregarded a risk to Plaintiff's health or safety.

Plaintiff has, however, sufficiently pled a failure-to-protect claim against Hurt. Plaintiff alleges that on the morning he was assaulted, he informed Hurt that he feared for his safety and that Harris had threatened to kill him. Plaintiff claims that he also told Hurt that Harris had removed his shoelaces from his boots. Therefore, Plaintiff's failure-to-protect claim against Hurt will be allowed to move forward.

### 2. Motion for Leave to File Amended Complaint

On May 26, 2016, Plaintiff requested leave to file an amended complaint. (Filing No. 72.) Plaintiff wants to "correct deficiencies found on the face of his Complaint," add additional defendants, and add an additional cause of action. (*Id*. at CM/ECF p. 1.)

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted).

This case is nearly three years old and multiple defendants and claims have been dismissed. At this point in the litigation, it would be unfairly prejudicial to Defendants to allow amendment of the pleadings. Therefore, Plaintiff's Motion for Leave to File Amended Complaint will be denied.

IT IS THEREFORE ORDERED:

1. The Motion to Dismiss (Filing No. 69) is granted, in part.

2. Plaintiff's claims against Kline are dismissed in their entirety.

3. The deliberate indifference to medical needs claim and equal protection claim against Hurt are dismissed. Plaintiff's failure-to-protect claim against Hurt may proceed.

4. This case may proceed as to Plaintiff's failure-to-protect claim against Steinbeck.

5. Plaintiff's Motion for Leave to File Amended Complaint (Filing No. 72) is denied.

6. A separate order will be entered governing further progression of this case.

DATED this 26th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge