IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICO BUCHANAN,<br><br>    Plaintiff,<br><br>V.<br><br>HURT, Corporal, All defendants sued in their individual and official capacity, KLINE, Officer, All defendants sued in their individual and official capacity, STEINBECK, Sgt., All defendants sued in their individual and official capacity, DENNIS BAKEWELL, All defendants sued in their individual and official capacity, and ROBERT HOUSTON, All defendants sued in their individual and official capacity,<br><br>    Defendants. | 4:13CV3172<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Defendants' motion to stay discovery (Filing No. 77) pending the court's ruling on Defendants' anticipated motion for summary judgment on the issue of qualified immunity.

  The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. *See Ballard v. Heineman*, 548 F.3d 1132 (8th Cir. 2008).

  Having considered the matter, the court finds Defendants' motion to stay discovery should be granted without prejudice to Plaintiff filing a motion for leave to conduct discovery, if necessary, limited to the issue of qualified immunity. Any such

motion must indicate specific facts discovery might uncover regarding the qualified immunity defense. See *Britton v. Thompson*, No. 7:08cv5008, 2009 WL 2365389 (D. Neb. July 29, 2009).

Plaintiff has also filed a renewed request for the appointment of counsel. (Filing No. 81.) This request will be denied. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the court concludes that Plaintiff does not require counsel at this time.

IT IS ORDERED:

1. Defendants' Motion to Stay Discovery (Filing No. 77) is granted without prejudice to Plaintiff filing a properly supported motion to conduct limited discovery to address the issue of qualified immunity.

2. Plaintiff's Renewed Motion for Appointment of Counsel (Filing No. 81) is denied without prejudice to reassertion.

3. Plaintiff's Objection to Defendants' Request for a Stay (Filing No. 82) is overruled.

DATED this 18th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge