IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICO BUCHANAN,<br><br>                Plaintiff,<br><br>vs.<br><br>HURT, Corporal, All defendants sued in their individual and official capacity; and STEINBECK, Sgt., All defendants sued in their individual and official capacity;<br><br>                Defendants. | 4:13CV3172<br><br>**MEMORANDUM AND ORDER**[*] |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 88.) For the reasons that follow, the Motion is granted.

## I. BACKGROUND

Plaintiff Jessico Buchanan ("Buchanan") filed his Complaint on September 25, 2013. (Filing No. 1.) After initial review, and several motions, Buchanan's remaining claims are against Defendants Hurt and Steinbeck in their individual capacities. (Filing No. 73.) He alleges pursuant to 42 U.S.C. § 1983 that Defendants failed to protect him from a physical assault from his cellmate. (*Id*.)

---

[*] This opinion contains hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Defendants filed their Motion for Summary Judgment on January 13, 2017. (Filing No. 88.) Along with their Motion, Defendants filed an Index of Evidence and Brief in Support. (Filing No. 89.) On February 27, 2017, Buchanan filed a Motion in Objection to Defendants' Motion for Summary Judgment and Brief in Opposition. (Filing No. 90; Filing No. 91.)

## II. RELEVANT UNDISPUTED FACTS[1]

1. Buchanan, at all times relevant to this action, was incarcerated under the custody and control of the Nebraska Department of Correctional Services at the Diagnostic and Evaluation Center. (Filing No. 1.)

---

[1] In his Brief in Opposition, Buchanan repeats allegations from his Complaint and disagrees with Steinbeck's sworn statement that Steinbeck did not know that Buchanan felt in danger or that he wanted to move cells because of his cellmate. (*See* Filing No. 91 at CM/ECF pp. 2, 5.) Buchanan submits no evidence to support his allegations. Buchanan was required to respond to Defendants' Motion with specific factual support for his claims to avoid summary judgment. *See* Fed. R. Civ. P. 56(e) ("[An] adverse party may not rest upon the mere allegations or denials of ... [his] pleading, but ... [must], by affidavits or as otherwise provided in this rule, ... set forth specific facts showing that there is a genuine issue for trial."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986) (explaining that nonmovant must offer controverting affidavits or evidence from which a reasonable jury could return a verdict in his favor). *See also*, *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment.") Buchanan's status as a pro se prisoner does not excuse him from properly responding to Defendants' Motion. *See Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).

Defendants submitted a statement of material facts in accordance with the court's Local Rules. *See* NECivR 56.1. They also submitted evidence which was properly authenticated by affidavits. *See* Fed. R. Civ. P. 56(e). Accordingly, the material facts set forth by Defendants in their Brief (Filing No. 89) are "deemed admitted" and are adopted with proper citations to the record.

2. Hurt was, at all times relevant to this action, a Corporal for the Diagnostic and Evaluation Center with the Nebraska Department of Corrections. (Filing No. 89-4.)

3. Steinbeck was, at all times relevant to this action, an Intake Sergeant for the Diagnostic and Evaluation Center with the Nebraska Department of Corrections. (Filing No. 89-2.)

4. Hurt was responsible for calling inmates to breakfast and handing out medications during breakfast. (Filing No. 89-4.)

5. Hurt would release inmates two cells at a time to go through the line to receive breakfast and medication. (*Id.*)

6. While conducting the breakfast procedures, Hurt was also supervising the inmates on the unit and the food porters who were handing out the food. (*Id.*)

7. The process for giving out breakfast and medications takes approximately 40-50 minutes each morning. (*Id.*)

8. On September 14, 2015, during breakfast, Buchanan went to Hurt to discuss issues he was having with his cellmate, Harris. (Filing No. 89-4; Filing No. 89-7.)

9. Buchanan informed Hurt that Harris had been acting strange. (Filing No. 89-4.)

10. Buchanan also informed Hurt that he believed that something was "going to go down" because Harris had taken his shoelaces out of his boots. (Filing No. 89-4; Filing No. 89-7.)

11. Hurt told Buchanan that he would look into the matter after mealtime was completed. ([Filing No. 89-4](Filing No. 89-4).)

12. Hurt needed to wait because he was the only one on the floor in charge of calling rooms for meals and handing out medications. (*Id.*)

13. At approximately 6:58 a.m., Buchanan and Harris were involved in an altercation on the floor of the unit during breakfast. ([Filing No. 89-5](Filing No. 89-5).)

14. The fight began approximately two to five minutes after Hurt spoke with Buchanan. ([Filing No. 89-4](Filing No. 89-4).)

15. During those two to five minutes, Hurt did not have an opportunity to discuss Buchanan's concerns with anyone or to investigate the concerns. (*Id.*)

16. Hurt did not know that Buchanan feared for his safety, and had he known, he would have taken action to protect Buchanan. (*Id.*)

17. The morning of September 14, 2015, Sergeant Steinbeck did not clock into work at the Diagnostic and Evaluation Center until 9:26 a.m. ([Filing No. 89-2](Filing No. 89-2); [Filing No. 89-3](Filing No. 89-3).)

18. Buchanan did not inform Steinbeck that he felt he was in danger nor that he wanted to move cells because of Harris. ([Filing No. 89-2](Filing No. 89-2).)

19. Had Steinbeck known that Buchanan feared for his safety, he would have moved Buchanan's cell immediately. (*Id.*)

20. Neither Steinbeck or Hurt knew whether Harris had a history of attacking other inmates. (Filing No. 89-2; Filing No. 89-4.)[2]

21. On September 14, 2013, Buchanan wrote an inmate statement regarding the assault. (Filing No. 89-6; Filing No. 89-7.)

22. In that inmate statement, Buchanan wrote that he informed Hurt that Harris had taken his shoelaces out of his boots, because he thought "he may hurt himself not nowing [sic] he was doing this to later try an [sic] hurt my [sic] by trying to place the strings around my neck." (Filing No. 89-7.)[3]

### III. ANALYSIS

**A. Standard of Review**

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2011) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). After the movant has demonstrated the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidence that sets out specific facts showing that there is a genuine issue for trial. *Id.* In doing so, the nonmovant must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory*

---

[2] Although this fact is not included in Defendants' statement of material facts, it is included in their evidence. This fact is undisputed because Buchanan failed to submit any evidence to dispute Defendants' evidence.

[3] Buchanan's statement shows that there is no genuine issue of material fact.

*v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.*

## B. Defendants' Motion

Defendants argue that they are entitled to qualified immunity because Buchanan has not shown the violation of a constitutional right. (Filing No. 89 at CM/ECF pp. 6-13.) The court agrees.

### 1. Qualified Immunity Standards

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Doming v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly

6

established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful...." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted). Thus, the "initial inquiry is whether the facts as alleged show that the officers' conduct violated a constitutional right.... If the facts do not show a violation, [a court] need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007).

**2. Deprivation of a Constitutional Right**

Buchanan alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment through their failure to protect him from Harris's assault. (Filing No. 73.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish prison officials failed to prevent harm, the prisoner first must prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. This is an objective requirement to ensure the deprivation is a violation of a constitutional right. *See Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996). Second, the prisoner must establish the prison officials were deliberately indifferent to inmate health or safety. *See Farmer*, 511 U.S. at 834. This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded "an excessive risk to inmate health or safety." *Id.* at 837.

Here, Buchanan has not shown that Defendants knew that Harris posed a substantial risk to Buchanan and that they failed to respond reasonably to it. The undisputed evidence before the court shows that Hurt and Steinbeck did not know that Harris posed a threat to Buchanan's safety. While Buchanan reported to Hurt that Harris "had been acting strange" and that something was "going to go down"

because Harris had taken his shoelaces out of his boots, such statements did not alert Hurt that Buchanan was at substantial risk of serious harm. Most importantly, Buchanan's statement after the incident shows that even he did not believe that Harris was going to harm him. In light of these findings, Buchanan has not established that Defendants violated a constitutional right. Defendants are entitled to qualified immunity and the claims against them in their individual capacities are dismissed.

### III. Motion for Appointment of Counsel

Buchanan has renewed his request for appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the renewed request for the appointment of counsel will be denied.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 88) is granted.

2. Plaintiff's Motion in Objection to Defendants' Motion for Summary Judgment (Filing No. 90) is denied.

3. Plaintiff's Motion for Appointment of Counsel (Filing No. 92) is denied.

4. The pretrial conference scheduled for April 25, 2017 (Filing No. 87), is canceled.

5. The court will enter Judgment by separate document.

Dated this 9th day of March, 2017.

                                        BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        Senior United States District Judge